Good morning. Welcome to the Ninth Circuit. First case for argument this morning is Sandoval v. Lynch. Could you pull that microphone a little closer so we can hear? Thank you. I'll talk a little louder, Your Honor. Either way. I think what we have is Oregon Delivery has three ways to satisfy it. The way I like to focus on is attempted delivery. Attempted delivery in Oregon is a matter of law under the Model Penal Code, which Oregon adopted when it changed its delivery statute in 1971. It includes solicitation. And solicitation under Oregon law does not require possession, correct? Yes, Your Honor. And so we have an overbroad means. It's indivisible. A jury could find Mr. Sandoval committed a solicitation, convict him of delivery, and that's it. It's the simple way to approach it, and we're done. If the statute's indivisible, the red math is sober, then the burden of proof, the respondent doesn't have to go forward in immigration court to prove that he's not been convicted of an aggravated felony. And I don't mean to oversimplify it, but I don't know that there's much more going on, other than I went into the reply brief in some depth to explain the big difference between Oregon attempt and federal attempt. And Oregon attempt, its substantial step definition, is much easier to reach than the federal attempt. Oregon attempt, some verification of the purpose. Some verification of the purpose is quite a bit, quite a distance away from the act that's going to be committed unless independent circumstances intervene, which is the federal test. The deeper you go into this, the more you see there's a huge difference between Oregon attempt and federal attempt, and that's why I gave the case law in the reply brief. And this was mentioned to the court. It was before the IJ. I went through the record. It was before the BIA. The argument hasn't changed. Maybe I've gone in more depth on it, but it was there all along. And this is in response to the idea that the argument hasn't been preserved. I think it's been preserved and then developed on appeal. And I looked up this morning Webster's Dictionary, solicit, to approach with a request to an employee, to make petition to, to entice. Now, under the case law, federal case law on delivery, and again going through that, you look at the cases, they want an agreement as to quantity and amount. Oregon, you don't have to have agreement as to quantity and amount to convict somebody of delivery. Federal law. Solicitation is not a deportable offense. Carbonado de Raza. I don't think there's any question about that. I'm not sure why, maybe I'm going too far. I'm not sure that this isn't an easy case for the court to find, that Oregon attempt, because it's broader than federal attempt. Clearly, that Oregon delivery of a controlled substance must be found to be overbroad. And the language we use for overbroad, asymmetrical, mismatch, greatest lack of behavior. Okay. I'd be happy to respond to any questions. I don't want to beat a dead horse, but I mean that's my argument. It appears there are none. Okay. Very good. Thank you. Thank you. May it please the court. My name is Song Park for the Attorney General. The court should deny the petition for review because the agency properly concluded that the full range of conduct that's punishable by the Oregon statute, here specifically section 475.992 subsection 1, is encompassed by the corresponding federal controlled substance act. Do you contend that solicitation without possession is covered under the federal statute? Solicitation, no, your honor. The federal statute does not. So if that's so, and if Oregon says solicitation without possession is punishable under the statute, aren't we finished and you lose? No, your honor, because the government's position is that under this particular Oregon statute you would not be criminalized for the conduct of solicitation. Oregon has a separate solicitation provision, and in this case, your honor, the conduct that Mr. By virtue of the fact that Mr. Sandoval was convicted under this delivery statute, as opposed to the solicitation statute, our position. What is the solicitation statute you're referring to? The solicitation statute is provided at section 161.435, and there is a separate criminalized conduct for solicitation under the Oregon statute, but that is not the provision under which Mr. Sandoval was convicted. He was actually. And you contend that the statute under which he was convicted, you can't get a conviction for solicitation? You cannot. In fact, the only way you could. That's not my reading of the case law. So what, read us the language of the statute under which he was convicted that you can claim does not include or cannot include an attempt or a solicitation. So 475.992, subsection 1, under which Mr. Sandoval was convicted, specifically reads except as authorized by certain provisions, not pertinent here. It is unlawful for any person to manufacture or deliver a controlled substance, and then it goes on to further subdivide to specify the specific punishment corresponding to whatever type of drug the defendant is convicted of. Under the solicitation statute, if Your Honor would like for me to provide that, under 161.435, a person commits the act of, commits the crime of solicitation if with the intent of causing another to engage in specific conduct constituting a crime punishable as a felony or as a Class A misdemeanor, or an attempt to commit, or an attempt to commit such felony or Class A misdemeanor, the person commands or solicits such person to engage in that conduct. In other words, in other words, under Oregon's case law, we believe that in order to be convicted under the delivery statute for trafficking a controlled substance requires acts that go beyond solicitation. So for purposes of being convicted under the solicitation provision, mere preparation could potentially be acts for which you could be convicted. But mere acts. I guess maybe where we're crossing here is that the word solicitation obviously appears in a separate statute. It doesn't appear in the delivery statute. That's correct. But under Oregon law, an attempt can include the solicitation. Is that correct? We do not believe so. Okay. Tell me why the case law doesn't say that, because that's how I read the Oregon case law. We believe that under the Oregon case law, an act of solicitation plus other acts that would render those, the criminal conduct therein, it would have to be, in other words, it would not be pure solicitation that would be punishable under the delivery statute. It would require something more, something beyond mere preparation. It would actually require some sort of substantial steps toward the commission of the delivery crime to be convicted. And what is the Oregon case that you're referring to that would stand for that proposition? So, in fact, sergeant, we believe, could be read if you read the full context of the statement addressing solicitation in that case. For instance. Where are you, I'm sorry. I'm sorry, Your Honor. I don't have a specific page site, but it is the specific provision that has been quoted, I believe, throughout in both the responsive and opening briefs, that states that a person solicits another to engage in constituting an element of the crime of delivery, that is, to provide to the person a controlled substance for the purpose of distributing to third parties. In other words, it wasn't so much that Mr. Sergeant was punished under the delivery statute because he solicited that to be the case. I'll just read to you from sergeant. We conclude that if a person solicits another to engage in conduct constituting an element of the crime of delivery, for example, to provide to the person a controlled substance for the purpose, the person has taken a substantial step. So solicitation sounds like it's a substantial step. But we believe the way that solicitation is viewed by the state court for. I just read to you from the state court. I understand, Your Honor. Basically, sergeant says solicitation even without possession is a substantial step, correct? I'm sorry. If you could. Solicitation without possession is a substantial step toward attempted delivery, according to sergeant. If there are other acts or other indications with respect to it rendering it into a substantial step. That's like reading sergeant and then inserting a caret and saying and other acts. Where do you get that? So if you look at State v. Johnson, it states solicitation qualifies as a substantial step if under the facts the defendant's conduct exceeds mere preparation, advances the criminal purpose charged, and provides some verification of the existence of that purpose, which seems to align much more with the task. That doesn't say possession. And I'll read you some more from sergeant. It is possible to commit the crime of delivery without having a possessory interest in the controlled substance. That's sergeant. But, Your Honor, I believe the Oregon State Courts have held that possession is not. It's true that possession is not required for. So you can be convicted of solicitation without possession. That's what sergeant tells me. That's correct, Your Honor. But if you look at some of these other cases. But if that's what sergeant says and then you're matching it up against the federal statute, you have a mismatch, right? I think if sergeant was perhaps the only case that addressed this issue, that may be so. But one, with respect to sergeant, there's no indication as to what the actual. Because the facts of sergeant are not provided what the conduct of the defendant was. We have no indication, just looking at that simple sentence from sergeant, whether it actually, there was other factors that would have contributed toward rendering the solicitation act into attempted delivery. You're telling me that these words don't actually mean what they say? No, Your Honor. It's just. If we actually had the facts, these words would be contradicted somehow. No, Your Honor, certainly not. I think what we're suggesting is that if you look at the various case law within Oregon courts that look at solicitation in the context of being convicted under this 4759921 provision, the Oregon courts are not necessarily criminalizing mere solicitation. State v. Johnson is not at odds with sergeant, is it? I mean, you read us a passage from State v. Johnson. I don't see that as inconsistent with what sergeant is telling us. That's correct. Because we believe sergeant and Johnson both stand for the proposition that it's not mere solicitation. It's that there has been solicitation, the conduct constitutes solicitation, as well as other indications that qualify it as a substantial step towards the attempted delivery of the drug. In other words, it's not just that he solicited. It's that the defendant solicited in the context of other conduct that suggests that there has been substantial steps taken toward the commission of the crime. In other words, that's what makes it a right to attempt. Is Johnson your best case for that proposition? Johnson, which relies on sergeant. Yes, Your Honor. Okay. Okay. Do we deserve Alvarez's argument? We are within — should the Court reach out to the attempt element issue, then we would. Yes, Your Honor, because, one, as an initial argument, we would argue that this question of whether the definition of the State attempt is broader than the definition of the Federal attempt is a question that was not raised properly before the agency. So exhaustion would be the first. No, no. Delanna's Alvarez is not an exhaustion question. No, Your Honor. But should you take that next step and compare attempt under the State context to the definition of attempt in the Federal context, our argument would be that you would — the petitioner would need to demonstrate a case in either his own case or in a separate case that would demonstrate conviction for attempt under the Oregon statute that would not be criminalized under the Federal statute. Well, the way Delanna's Alvarez works is that you need to find a case if it's an extension of the clear language that already exists in the cases. But we've got very clear language already here in the case law. So I don't know that you need to find a case on its facts when the statement here is so clear. I think, again, the government's position would be that in these cases relied upon by the petitioner, it's not that it was mere solicitation. And if you look at the various filings before the agency as well as in his opening brief, it relies on a lot of case law that discusses mere solicitation. In other words, conviction under a solicitation statute as opposed to the underlying delivery trafficking crime. Or California statutes that incorporate in the language of the statute itself solicitation. But that isn't the case here. You said California statute. Was that a slip of the tongue? No, Your Honor. Because California statutes we found was not an aggravated felony. That's correct. The reason I'm referring to those statutes is because petitioner relies on the case law arising out of those as support for his claim that solicitation alone would be criminalized under the Oregon delivery provisions. But again, what the government's asserting is that it's not mere solicitation alone that has been criminalized here. It's that there is solicitation plus other acts that would render it into a substantial step towards the commission of the crime. In other words, it's not just that he asked somebody, hey, can I buy some drugs? Or would you like to buy some drugs? It's that there was that act in conjunction with other acts that rendered it into an attempt conduct. And under the Oregon statute, the attempt conduct, the attempt delivery is punishable under 475992. Thank you. Thank you, Your Honors. You have rebuttal time if you want to use it. I just want to thank Your Honor. Page 1819 of the reply brief, it talks about the model penal code and it says solicitation is a substantial step, flat out, and sufficient to be a substantial step. Thank you. Thank you. Thank you both for your argument this morning. Sandoval v. Lynch is submitted.
judges: McKeown, W. Fletcher, Fisher